# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. COLEEN ELMERS,
               Petitioner,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
CB-1208-15-0007-U-1

DATE: December 1, 2014

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

Malvina Hryniewicz, Esquire, Washington, D.C., for the petitioner.

Nadine Scott, Esquire, Seattle, Washington, for the agency.

## BEFORE

Mark A. Robbins, Member

## ORDER ON STAY REQUEST

¶1     Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests that the Board stay for 45 days the agency's termination of Coleen Elmers while OSC completes its investigation and legal review of the matter and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

determines whether to seek corrective action.  For the reasons discussed below, OSC's request is GRANTED.

## ANALYSIS

¶2    Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request any member of the Merit Systems Protection Board to order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice.  Such a request shall be granted, unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate.  5 U.S.C. § 1214(b)(1)(A)(ii).  OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed.  *See Office of Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010).

¶3    As OSC states, to establish a prima facie violation of 5 U.S.C. § 2302(b)(8), it must demonstrate that:  (1) the employee made a disclosure of information that she reasonably believed evidenced any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety; (2) the agency official or officials exercising personnel action authority had knowledge of the employee's disclosure; (3) there is a taking or failure to take, or a threat to take or failure to take, a personnel action; and (4) the protected disclosure was a contributing factor to the action taken.  *See Office of Special Counsel ex rel. Aran*, 115 M.S.P.R. 6, ¶ 7.

¶4    In its November 26, 2014 stay request, OSC alleges that Coleen Elmers is serving a 2-year probationary period as a Nurse Manager with the Department of Veterans Affairs (VA).  Among other things, OSC also alleges that Ms. Elmers

filed a complaint with the VA Office of Inspector General in July 2014, concerning a fraudulently altered performance evaluation, and that just 3 months later, in October 2014, her supervisor rated her performance as unsatisfactory, charging her with lack of candor, failure to follow instructions, and inappropriate behavior for a management official, resulting in notice that she was being terminated.  Accordingly, OSC asserts that it has reasonable grounds to believe that Ms. Elmers's disclosures were protected, relevant agency officials were aware of those disclosures, and the protected disclosure was a contributing factor to her termination.

¶5    Given the deference that should be afforded to OSC and the assertions made in its stay request, I find that there are reasonable grounds to believe that the agency proposed Ms. Elmers's termination based on her protected disclosure in violation of 5 U.S.C. § 2302(b)(8).

**ORDER**

¶6    Based on the foregoing, I conclude that granting OSC's stay request is appropriate.  Accordingly, a 45-day stay of Ms. Elmers's proposed termination is GRANTED. The stay shall be in effect from December 1, 2014, through and including January 14, 2015.  It is further ORDERED that:

(1) Ms. Elmers shall be reinstated[2] to her former position, at the same location, with the same duties and responsibilities, and at the same salary and grade level that she had prior to her termination, as of November 28, 2014;

(2) The Department of Veterans Affairs shall not effect any change in Ms. Elmers's duties and responsibilities that is inconsistent with her salary

---

[2] According to OSC's stay request, Ms. Elmers's termination was scheduled for November 28, 2014, just before the issuance of this decision.  Nevertheless, the Board has the authority to stay the removal of an employee after the effective date of the action. *See Special Counsel v. Department of Transportation*, 59 M.S.P.R. 552, 555 (1993).

or grade level or impose upon her any requirement that is not required of other employees of comparable position, salary, or grade level;

(3) Within 10 working days of this Order, the Department of Veterans Affairs shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4) Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before December 30, 2014. *See* 5 C.F.R. § 101.136(b). Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the Board, together with any evidentiary support, on or before January 6, 2015.

FOR THE BOARD:                 _____

                                                       William D. Spencer
                                                       Clerk of the Board

Washington, D.C.